UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MARCO BAZILE,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3173

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following two orders issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.15.) In an order entered on November 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response and recordings of the September 16, 2026, and October 13, 2026, bond hearings on November 12,

2026, (Resp., ECF No. 4; Recording of Sep. 16, 2026, Bond Hearing, filed on Nov. 12, 2026; Recording of Oct. 13, 2026, Bond Hearing, filed on Nov. 12, 2026), and Petitioner filed his reply on November 15, 2026, (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a citizen of Haiti who entered the United States in approximately 2021. (Pet., ECF No. 1, PageID.6.) On August 19, 2026, Petitioner was arrested by ICE in Columbus, Ohio. (*Id.*)

Petitioner received a bond hearings pursuant to § 1226(a) on September 16, 2026. (Resp., ECF No. 4, PageID.4–5; *see also* Sep. 16, 2026, Order Immigration Judge, ECF No. 4-3, PageID.43; Oct. 13, 2026, Order Immigration Judge, ECF No. 4-5, PageID. 47–48.) At the conclusion of the September 16, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "is a danger to the community and a flight risk." (Sep. 16, 2026, Order Immigration Judge, ECF No. 4-3, PageID.43.)

Thereafter, on October 13, 2026, due to a material change in circumstances following the dismissal of a state operating while intoxicated charge and the prosecutor's office confirming the incident was due to a medical issue, Petitioner had a second bond hearing pursuant to § 1226(a). (Recording of Oct. 13, 2026, Bond Hearing, at 7:47–8:24, filed on Nov. 12, 2026.) At the October 13, 2026, bond hearing, the Immigration Judge denied bond, stating: "I do note that it is the [Petitioner's] burden to show that he is not a flight risk." (Recording of Oct.13, 2026, Bond Hearing, at 10:11–10:15, filed on Nov. 12, 2026.) In the Immigration Judge's written order denying bond, the Immigration Judge stated: "[Petitioner] is a flight risk." (Oct. 13, 2026, Order Immigration Judge, ECF No. 4-5.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge